**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TINA WHITE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-918-BAJ-EWD** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | |

## NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained by Tina White and Gerald White (collectively, "Plaintiffs"), as a result of a vehicle theft and fire that occurred on or about December 30, 2016.[1] On or about September 21, 2017, Plaintiffs filed a Petition for Damages against State Farm Mutual Automobile Insurance Company ("State Farm") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[2] The matter was removed to this Court by State Farm on October 6, 2017, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3] The Notice of Removal contains the following allegations regarding the amount in controversy:

> 4.
> The plaintiffs' petition alleges that they sustained damage due to a vehicle theft and fire. State Farm is alleged to have provided insurance coverage for the loss. In addition to seeking contract damages for the loss under the insurance policy, plaintiffs allege that State Farm is in "bad faith" in not paying the claim, and for other alleged actions or inactions, and they allege that State Farm was racially motivated. Thus, they seek consequential damages (mental anguish, lost wages, loss of use, etc.), penalties (up to two times the alleged consequential damages under La.R.S. 22:1973), and attorney fees, above and beyond the alleged contractual damages. Plaintiffs also appear to allege harassment and defamation, and they

---

[1] R. Doc. 1 at ¶ 4; *See*, R. Doc. 1-2 at pp. 3-4, ¶¶ V-VIII.
[2] R. Doc. 1-2.
[3] R. Doc. 1 at ¶ 5.

> seek damages in connection with those claims. The plaintiffs have not precisely quantified their claimed damages in the complaint. The state court Petition does not state that there is lack of jurisdiction in the United States District Court, as it is required to do under Louisiana Code of Civil Procedure article 893, if there is such lacking. It does not state whether the damages exceed the Louisiana Statutory minimum for right to jury trial - $50,000.00. At the time of the filing of the removal, State Farm believes that plaintiffs seek to recover contract damages, consequential damages, penalties, and attorney fees totaling in excess of $75,000, based on the allegations in the Petition.
>
> 5.
>
> This court has original jurisdiction over this action pursuant to 22 USC § 1332 in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interest and costs, which is derived from the characterization of damages and claims of the plaintiffs cited above, and because the suit is between citizens of different states and is, therefore, removable pursuant to 28 USC § 1441, et seq.[4]

It is not apparent from the face of Plaintiffs' Petition for Damages or the Notice of Removal that the Plaintiffs' claims in this matter are likely to exceed $75,000. In the Petition for Damages, Plaintiffs allege the following:

> XXII.
> As a result of the foregoing breaches of contract and duty and other acts of negligence and fault of the defendant, Plaintiffs have experienced actual damages, including:
> 1. Mental anguish and aggravation due to the failure of the defendant to promptly adjust the claim and for the delay caused by defendant;
> 2. Mental anguish from racial profiling, harassment, defamation, and accusations by State Farm representatives concerning untrue allegations of criminal activity and insurance fraud;
> 3. Financial damages and costs incurred due to the financial burden placed on plaintiffs following the loss of a vital vehicle;
> 4. Loss of use of a vehicle
> 5. Lost wages
> 6. All other damages that may be proven at trial.

---

[4] R. Doc. 1 at ¶¶ 4-5.

> XXIII.
> Plaintiffs are entitled to the full amount of their damages caused by the covered peril under the policy of property insurance, as well as additional damages caused by the delay in properly adjusting this claim, mental anguish damages, and other damages, inter alia, along with all penalties and attorney's fees recoverable under Louisiana law, as well as judicial interest as allowed by law.[5]

Although Plaintiffs seek several items of damages, there is no indication of the amount in controversy related to their alleged damages. State Farm asserts that the amount in controversy exceeds $75,000 based upon "the characterization of damages and claims of the plaintiffs," since Plaintiffs seek to recover contract damages, consequential damages, penalties and attorney's fees.[6] However, State Farm has not provided any information regarding Plaintiff's underlying insurance policy or the proof of loss submitted by Plaintiffs to State Farm with respect to the vehicle theft and fire.

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that State Farm Mutual Automobile Insurance Company ("State Farm"), shall file a memorandum and supporting evidence concerning subject matter jurisdiction within ten (10) days of the date of this Notice and Order, and that Plaintiffs shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of State Farm's memorandum. The supplemental memoranda shall be limited to ten (10) pages and shall

---

[5] R. Doc. 1-2 at ¶¶ XXII-XXIII.
[6] R. Doc. 1 at ¶¶ 4 and 5.

specifically address whether there is diversity jurisdiction under 28 U.S.C. § 1332(a). Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by the Plaintiffs.

Signed in Baton Rouge, Louisiana, on October 10, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**