UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA WHITE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-918-BAJ-EWD** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 7, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TINA WHITE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-918-BAJ-EWD** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand, filed by Tina White and Gerald White (collectively, "Plaintiffs").[1] The Motion is opposed by State Farm Mutual Automobile Insurance Company ("State Farm")[2] and Plaintiffs have filed a reply.[3]

For the following reasons, the undersigned recommends[4] that the Motion to Remand be **GRANTED** and that this matter should be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). The undersigned further recommends that the request for attorney's fees be **DENIED**.[5]

---

[1] R. Doc. 5.
[2] R. Doc. 7.
[3] R. Doc. 11.
[4] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion to Remand.
[5] On April 26, 2018, Plaintiffs filed an Ex Parte Motion for Leave to Amend Motion and File Memorandum in Support (the "Motion for Leave"), in which Plaintiffs sought leave to amend the Motion to Remand to include a request for attorney's fees and costs. R. Doc. 12. The Motion for Leave was unopposed and was granted by the court on June 7, 2018. R. Doc. 13.

**Factual and Procedural Background**

This is a civil action involving claims for damages allegedly sustained by Plaintiffs as a result of a vehicle theft and fire that occurred on or about December 30, 2016.[6] On or about September 21, 2017, Plaintiffs filed a Petition for Damages against State Farm in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[7] Plaintiffs allege that on December 30, 2016, their vehicle, a 2006 Infiniti M35, was stolen from their driveway in Slidell, Louisiana.[8] According to the Petition, Plaintiffs' vehicle was insured under an automobile policy issued by State Farm, which policy provides coverage for theft.[9] Upon discovering that the vehicle was missing, Plaintiffs state that they immediately contacted the police to report the theft and then filed a claim with State Farm under the applicable insurance policy.[10]

Plaintiffs further assert that the police eventually located the vehicle in Waggaman, Louisiana, but that it had been abandoned, torched and totally destroyed. Despite knowledge of the total loss of the vehicle, Plaintiffs contend State Farm has failed to pay the claim and has accused Plaintiffs of insurance fraud.[11] Plaintiffs allege that because State Farm has arbitrarily, capriciously and without justifiable cause failed to pay the claim and/or undervalued the claim, Plaintiffs are entitled to all statutory penalties, compensatory damages and attorney's fees provided by La. R.S. 22:1973(A) and La. R.S. 22:1892.[12] Plaintiffs also allege that State Farm ultimately denied their claim "due to racial prejudice."[13]

---

[6] R. Doc. 1 at ¶ 4; *See*, R. Doc. 1-2 at pp. 3-4, ¶¶ V-VIII.
[7] R. Doc. 1-2.
[8] *Id*. at ¶¶ IV & V.
[9] *Id*. at ¶ VI.
[10] *Id*. at ¶ VII.
[11] *Id*. at ¶ IX.
[12] *Id*. at ¶¶ IX, XIV & XVI.
[13] *Id*. at ¶ XX. Plaintiffs assert that they are African-Americans. *Id.*

On October 6, 2017, State Farm removed the matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[14] State Farm asserted there is complete diversity between the parties because Plaintiffs are domiciled in Louisiana and State Farm's place of incorporation and principal place of business are in Illinois[15] and that it is facially apparent from the Petition that the amount in controversy exceeds $75,000 in this matter because Plaintiffs seek consequential damages (mental anguish, lost wages, and lost use of the vehicle), penalties of up to two times the alleged consequential damages under La. R.S. 22:1973 and attorney's fees based upon State Farm's alleged bad faith in failing to timely pay Plaintiffs' claim for the lost vehicle.[16] Thus, in the Notice of Removal, State Farm asserted that, "At the time of filing of the removal, State Farm believes that plaintiffs seek to recover contract damages, consequential damages, penalties, and attorney fees totaling in excess of $75,000, based on the allegations in the Petition."[17]

After reviewing the Notice of Removal and the information contained in the record, the undersigned could not determine whether the requisite amount in controversy was met in this case. As such, the undersigned issued a Notice and Order on October 10, 2017, raising the issue of subject matter jurisdiction *sua sponte* and requiring the parties to submit briefing addressing the issue of whether the requisite amount in controversy was met.[18]

On October 12, 2017, State Farm filed a Brief in Response to Notice and Order (Doc. 2) Concerning Subject Matter Jurisdiction, as ordered by the Court, asserting that it is facially apparent from the Petition that the amount in controversy is met in this case.[19] State Farm first asserts that by not including a general allegation in the Petition that their claims do not exceed the

---

[14] R. Doc. 1 at ¶ 5.
[15] *Id*. at ¶¶ 1 & 2.
[16] *Id*. at ¶ 4.
[17] *Id*. at ¶ 4. State Farm also asserts that removal is timely under 28 U.S.C. § 1446. *Id*. at ¶ 7.
[18] R. Doc. 2.
[19] R. Doc. 3 at p. 2.

3

requisite amount in controversy to establish diversity jurisdiction, "Plaintiffs have conceded" that the amount in controversy exceeds $75,000.[20] State Farm then asserts that the amount in controversy exceeds $75,000 in this case based upon the damages sought by Plaintiffs, including contract damages, consequential damages, penalties and attorney's fees for State Farm's alleged bad faith in failing to timely pay Plaintiffs' claim.[21] State Farm submitted a vehicle estimate showing a market value of $11,073 for the underlying vehicle, which State Farm claims is the "only currently known information concerning the extent of the contract damages sought."[22] Though acknowledging that "it is doubtful" that Plaintiffs' claims under La. R.S. 22:1892 are likely to exceed $75,000, State Farm contends that Plaintiffs' claims under La. R.S. 22:1973 could exceed $75,000.[23] State Farm argues that if Plaintiffs can prove that State Farm breached a duty under La. R.S. 22:1973, Plaintiffs could be entitled to recover general and special damages resulting from the breach, a penalty of up to two times the amount of the damages caused by the breach, and attorney's fees.[24] Thus, by way of example, State Farm alleges that if Plaintiffs are awarded $20,000 in consequential damages, a penalty of up to $40,000 could be assessed along with attorney's fees of approximately $20,000 (33.3%), and Plaintiffs' recovery would exceed $75,000.[25] To support its position, State Farm cites Louisiana jurisprudence wherein the courts awarded even higher consequential damages and penalties for failure to timely pay an insurance claim under La. R. S. 22:1973.[26]

---

[20] *Id.* at p. 3.
[21] *Id.* at p. 4.
[22] *Id.* at p. 3; *See*, R. Doc. 3-1.
[23] R. Doc. 3 at p. 4.
[24] *Id.*
[25] *Id.*
[26] *Id.* at pp. 4-5 (citing *Guidry v. State Farm Fire and Cas. Co.*, 12011-262 (La. App. 3 Cir. 10/5/11), 74 So.3d 1276; *Orellana v. Louisiana Citizens Prop. Ins. Corp.*, 2007-1095 (La. App. 4 Cir. 12/5/07), 972 So.2d 1252; *Leland v. Lafayette Ins. Co.*, 2011-475 (La. App. 3 Cir. 11/9/11), 77 So.3d 1078)).

State Farm further asserts that although damages for defamation are inherently speculative, Plaintiffs' defamation claim must also be considered in calculating the amount in controversy.[27] Finally, State Farm claims that Plaintiffs must believe their case is worth at least $50,000 because Plaintiffs' counsel sent an email to State Farm's counsel suggesting that the case will be tried by a jury in state court.[28]

On October 13, 2017, Plaintiffs filed the instant Motion to Remand, asserting that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is less than $75,000.[29] Plaintiffs argue that State Farm has not met its burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000 because the Petition is silent as to the amount in controversy and State Farm has not set forth facts or presented summary judgment-type evidence to show that the jurisdictional amount is satisfied. Plaintiffs further assert that they have amended their Petition to state that their damages do not exceed $75,000[30] and that they have countered State Farm's pleadings with a sworn affidavit stating that their damages do not exceed $75,000.[31] Plaintiffs assert that it is disingenuous for State Farm to assert that the amount in controversy is met in this case because the value of the vehicle is no more than $8,000 (according to Plaintiffs' research)[32] or $11,000 (according to State Farm's exhibit). Plaintiffs assert that under La. R.S. 22:1973, they would only be entitled to penalties based upon the greater of the damages they have suffered or $5,000, and that State Farm has not presented any evidence to show that Plaintiffs can recover more than the statutory amount.[33] Plaintiffs point out that they are not entitled to recover damages under both La. R.S. 22:1973 and La. R.S. 22:1982, and further

---

[27] R. Doc. 3 at p. 5.
[28] *Id*. at pp. 5-6 (*citing* R. Doc. 3-2).
[29] R. Doc. 5 at p. 1.
[30] *See*, R. Doc. 5-5.
[31] *See*, R. Doc. 5-2.
[32] *See*, R. Doc. 5-3.
[33] R. Doc. 5-1 at p. 6.

5

assert that the maximum damages, penalties and attorney's fees recoverable in this case under either statute is $21,999.45.[34] Although Plaintiffs seek other items of damage in the Petition, they contend that there is insufficient evidence to show the extent of those damages at the time of removal.[35] Finally, Plaintiffs assert that the email correspondence submitted by State Farm should be disregarded by the Court because it is a casual email between counsel and not evidence of the amount in controversy.[36]

In opposition, State Farm maintains that the amount in controversy exceeds $75,000 based upon the relief sought in the Petition, incorporating by reference the arguments raised in its brief in support of subject matter jurisdiction.[37] State Farm further asserts that the Court should ignore the First Amended Petition for Damages that was purportedly filed in state court, which was surreptitiously faxed to the state clerk of court on the afternoon of October 6, 2017 in response to Plaintiffs' receipt of the removal pleadings from State Farm's counsel.[38] However, even if the Amended Petition is considered, State Farm asserts that it does not limit the amount in controversy to $75,000 or less because it merely states that Plaintiffs' "damages" are approximately $10,000 without specifying what type of damages (contractual or consequential) are being referenced. State Farm further asserts that the affidavit submitted by Plaintiffs "is without effect" because it contains a conclusory statement that the amount in controversy does not exceed $75,000, which is insufficient to establish by legal certainty that the jurisdictional amount is not met.[39] State Farm also argues that a post-removal affidavit that contains a conclusory statement regarding the amount

---

[34] *Id.* at pp. 6-7.
[35] *Id.* at p. 7.
[36] *Id.* at p. 8.
[37] R. Doc. 7 at p. 1.
[38] *Id.* State Farm claims that this matter was removed at 11:25 a.m. on October 6, 2017, and that removal divested the state court of jurisdiction to accept amended pleadings upon the filing of the Notice of Removal under 28 U.S.C. § 1446(d). *Id.*
[39] *Id.* at p. 3.

6

in controversy, without a stipulation that Plaintiffs will not accept any award in excess of $75,000, is not a basis for remand.[40] State Farm asserts that in light of the claims for contractual damages, consequential damages, penalties, attorney's fees and defamation, the amount in controversy likely exceeds $75,000 in this case.

In reply, Plaintiffs assert that State Farm has violated the page limitations set forth in the undersigned's October 10, 2017 Notice and Order[41] by filing a brief in support of subject matter jurisdiction as well as an opposition brief to the instant Motion to Remand.[42] Plaintiffs further assert that their affidavit should be considered, especially in light of State Farm's failure to carry its burden of proving that the amount in controversy exceeds $75,000.[43] Finally, Plaintiffs assert that the removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[44]

## Applicable Law and Analysis

### A. State Farm Has Not Shown by a Preponderance of Evidence That the Amount in Controversy Exceeds $75,000

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the

---

[40] *Id*. at p. 4 (*citing Hinkle v. USAA General Indemn. Co.*, Civ. A. No. 17-156-JWD-EWD, 2017 WL 4411052 (M.D. La. Sept. 11, 2017)).
[41] R. Doc. 2.
[42] R. Doc. 11 at p. 2.
[43] *Id*. at pp. 2-3.
[44] *Id*. at p. 4 (*quoting Hinkle*, 2017 WL 4411052 at *5 n. 27).

7

complaint.[45] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[46] The removing party has the burden of proving federal diversity jurisdiction.[47] Remand is proper if at any time the court lacks subject matter jurisdiction. *See,* 28 U.S.C. § 1447(c).

However, Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[48] When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[49] The defendant may make the requisite showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit- that support a finding of the requisite amount.[50] "The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000."[51]

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.[52] If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction.[53] However, post-removal affidavits

---

[45] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[46] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[47] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[48] La. Code Civ. P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[49] *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[50] *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002); *Luckett*, 171 F.3d at 298.
[51] *Lee v. Standard Fire Insur. Co.*, Civ. A. No. 17-1088, 2017 WL 2983234, at *3 (E.D. La. July 7, 2017) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).
[52] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[53] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia* ("ANPAC") *v. Dow Quimica de*

may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal.[54] If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000.[55]

Here, as evidenced by the Court's request for supplemental briefing regarding subject matter jurisdiction,[56] it is not facially apparent from the state court Petition that Plaintiffs' claims will exceed the jurisdictional amount of $75,000, exclusive of interests and costs. In the Petition, Plaintiffs allege that State Farm undervalued their claim in bad faith and Plaintiffs seek consequential damages, including loss of use, lost wages, and mental anguish, as well as penalties and attorney's fees under either La. R.S. 22: 1973 or La. R.S. 22:1892.[57] Although Plaintiffs seek several items of damages, there is no indication of the amount in controversy related to their alleged damages. Further, the Petition does not allege that Plaintiffs are seeking less than the federal jurisdictional amount, as required by La. Code Civ. P. art. 893.[58] As such, the Court must

---

*Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)).

[54] *Gebbia*, 233 F.3d at 883 (citing *ANPAC*, 988 F.2d at 565).

[55] *Grant*, 309 F.3d at 869 (citing *De Aguilar*, 47 F.3d at 1412 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289, 58 S.Ct. at 590)).

[56] R. Doc. 2.

[57] R. Doc. 1-2 at ¶¶ XIV, XV, XVI & XIX.

[58] Article 893 provides, in pertinent part, the following:

> A.(1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

consider whether State Farm has met its burden of proving, through summary judgment type evidence, that the amount in controversy in this case is likely to exceed $75,000, exclusive of interests and costs.

As previously mentioned, State Farm submitted a vehicle estimate with its supplemental brief in support of subject matter jurisdiction, showing that the market value of Plaintiffs' vehicle is $11,073.[59] Although the amount of contractual damages sought by Plaintiffs is low, State Farm contends that the amount in controversy could exceed $75,000 under La. R.S. 22:1892, based upon the following:

> Thus, if Plaintiff were awarded, for sake of argument, a total of just $20,000 for mental pain and suffering and other consequential damages due to the alleged failure by State Farm to timely pay the claims, a penalty of up to $40,000 could also be assessed, for a total of $60,000 in compensatory damages and penalties. Attorney fees under La. R.S. 22:1892 would also be available. Assuming an attorney fee of roughly $20,000 (33 and one third percent), this avenue of recovery of extra-contractual damages, penalties and attorney fees (totaling $80,000) alone would exceed $75,000, not including the contractual damages.[60]

State Farm asserts that Louisiana courts have awarded consequential damage and penalty awards higher than the foregoing example, citing published precedent purportedly demonstrating that Plaintiffs could each recover as much as $50,000 in consequential damages, as well as a penalty of twice that amount, or $100,000, which would exceed the federal jurisdictional threshold.[61]

---

La. Code Civ. P. art. 893(A)(1). This Court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy." *Weber v. Stevenson*, Civil Action No. 07-5595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007).
[59] R. Doc. 3-1.
[60] R. Doc. 3 at p. 4.
[61] R. Doc. 3 at pp. 4-5 (citing *Guidry v. State Farm Fire and Cas. Co.*, 2011-262 (La. App. 3 Cir. 10/5/11), 74 So.3d 1276 (affirming jury award of $50,000 in consequential damages and penalty of $100,000 under La. R.S. 22:1973 for insurer's failure to timely pay uninsured/underinsured motorist claim and medical expenses); *Orellana v. Louisiana Citizens Prop. Ins. Corp.*, 2007-1095 (La. App. 4 Cir. 12/5/07), 972 So.2d 1252 (affirming award of $87,500 in property damages and $125,000 in general damages for plaintiff's mental anguish as a result of defendant's bad faith failure to properly and timely adjust the claim for property damage that resulted from Hurricane Katrina); *Leland v. Lafayette Ins. Co.*, 2011-475 (La. App. 3 Cir. 11/9/11), 77 So.3d 1078) (affirming as amended damages award of $178,000 (including $45,000 award for mental anguish to each of two plaintiffs) and awarding penalty of twice that

While the Court may consider relevant case law to assist in determining the amount in controversy,[62] the general damages alleged in this case are too speculative for the Court to find by a preponderance of the evidence that they would satisfy the requisite amount in controversy.[63] As discussed above, State Farm asserts that the amount in controversy could potentially exceed $75,000 under La. R.S. 22:1892 if Plaintiffs are awarded at least $20,000 in consequential damages. However, the Fifth Circuit has held that, "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled."[64] The Fifth Circuit has also held that, "A 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[65] Thus, State Farm's assertion that Plaintiffs could potentially recover more than $75,000 under La. R.S. 22:1892 is insufficient to show by a preponderance of evidence that Plaintiffs' damages are likely to exceed $75,000.[66]

---

amount ($356,000) for defendant's bad faith in failing to timely pay plaintiffs' property damage claim that resulted from Hurricane Rita).

[62] *See, Caillou Island Towing Co., Inc. v. Navigators Ins. Co.*, Civ. A. Nos. 10-0843, 10-0844, 2010 WL 3168420, at *2 (E.D. La. Aug. 6, 2010) ("When damages are not 'facially apparent,' the court may consider other evidence relevant to the amount in controversy at the time of removal") (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[63] *See, Lee v. Standard Fire Insurance Co.*, Civ. A. No. 17-1088, 2017 WL 2983234, at *3-4 (E.D. La. July 7, 2017) (finding that where total medical expenses incurred were only $8,464, the "likelihood of future treatment" was too speculative for the court to find by a preponderance of the evidence that they would satisfy the requisite amount in controversy).

[64] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (footnote omitted) (emphasis in original).

[65] *Allen*, 63 F.3d at 1336; *See*, *Lee*, 2017 WL 2983234, at *4 (quoting *Robertson v. Boyd*, Civ. A. No. 16-1547, 2016 WL 3086164, at *3 (E.D. La. June 2, 2016) (quoting *Allen*, 63 F.3d 1326)).

[66] The undersigned also finds that, despite the limited reference to "defamation" in the Petition (R. Doc. 1-2 ¶ XXII(2)), there are not sufficient facts alleged to consider damages related to that claim in calculating the amount in controversy. The five elements of defamation under Louisiana law are: "(1) defamatory words; (2) publication to a person other than the one defamed; (3) falsity; (4) malice; and (5) resulting injury." Some Louisiana courts set forth the "actual or implied malice" requirement as the "fault (negligence or greater) on the part of the publisher." In sum, the Louisiana Supreme Court has articulated that, in order to prevail on a defamation claim, a plaintiff must prove "that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." If even one of the required elements of the defamation tort is lacking, the cause of action fails." *Hoffman v. Bailey*, 257 F. Supp. 3d 801, 819–20 (E.D. La. 2017)(internal citations omitted). The Petition merely states that State Farm "accused Plaintiffs of insurance fraud in order to avoid paying a legitimate claim." R. Doc. 1-2 at ¶ IX.

11

The Court also finds unpersuasive State Farm's assertion that the Plaintiffs' affidavit, which states that "the value of their claim is not more than and is actually less than $75,000,"[67] is "without effect."[68] As Plaintiffs point out, it is well established in this Circuit that when the amount in controversy is ambiguous at the time of removal, as it is here, the non-removing party may submit an affidavit to clarify the amount of damages sought.[69] The Fifth Circuit has allowed such post-removal affidavits on the theory that they are merely evidence of the amount that was in controversy at the time of removal.[70] To the extent that State Farm relies upon this Court's recent decision in *Hinkle v. USAA General Indemnity Company* to support its position regarding the effect of Plaintiffs' affidavit, such reliance is misplaced. In *Hinkle*, the plaintiff's motion to remand was denied because the Court found the plaintiff failed to establish to a legal certainty that the amount in controversy did not exceed $75,000 *after* the defendant met its burden of proving by a preponderance of evidence that the amount in controversy exceeded $75,000.[71] In reaching that conclusion, this Court noted that the Notice of Removal contained more than conclusory allegations that the amount in controversy was met. With respect to the plaintiff's submission of a post-removal stipulation from his counsel, rather than the plaintiff, this Court stated, "Even if the Stipulation had been in the form of a sworn, unrebutted affidavit, merely stating that the amount in controversy does not exceed $75,000 is insufficient to establish with legal certainty that Plaintiff's claims are really less than $75,000."[72] Thus, while Plaintiffs' joint affidavit in this case may not be sufficient to establish "to a legal certainty" that the amount in controversy does not

---

[67] R. Doc. 5-2.
[68] *See*, R. Doc. 7 at p. 3.
[69] *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 596-97 (E.D. La. 2008) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia* ("*ANPAC*") *v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)).
[70] *Royal Cosmopolitan, LLC*, 629 F. Supp. 2d at 597 (citing *ANPAC*, 988 F.2d at 565).
[71] *Hinkle v. USAA General Indemn. Co.*, Civ. A. No. 17-156-JWD-EWD, 2017 WL 4411052, at *5-6 (M.D. La. Sept. 11, 2017).
[72] *Id*, 2017 WL 4411052, at *5 n. 27.

exceed $75,000, because here State Farm has not first met its burden of establishing that the amount in controversy is met, remand is appropriate.[73]

Because the removal statute is to be strictly construed and any doubt about the propriety of removal must be resolved in favor of remand,[74] the undersigned recommends that the Motion to Remand be granted and that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

### B. Plaintiffs Request for Attorney's Fees Should Be Denied

Also before the Court is Plaintiffs' Ex Parte Motion for Leave to Amend Motion and File Memorandum in Support, in which Plaintiffs seek leave to amend the Motion to Remand to include a request for $4,500 in attorney's fees and costs.[75]  Pursuant to 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  However, the Fifth Circuit has held that, "There is no automatic entitlement to an award of attorney's fees.  Indeed, the clear language of the statute makes such an award discretionary."[76]  According to the Fifth Circuit, "[T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[77]  In the instant case, although State Farm failed to show by a preponderance of evidence that Plaintiffs' claims are likely to exceed $75,000, State Farm's

---

[73] Finally, State Farm's argument that the email correspondence from Plaintiffs' counsel commenting on a jury trial is sufficient to establish the amount in controversy is met is also without merit.  The email states, in pertinent part, "It will take a couple of years, but I'll see you at jury trial.  Unless you wanna roll the dice on a judge trial!?!?!"  R. Doc. 3-2.  This appears to simply be a causal statement by counsel and not necessarily indicative of Plaintiffs' belief that their damages exceed $50,000.  Even if the email were sufficient to establish that Plaintiffs believed their damages exceed $50,000 (the amount in controversy necessary for a right to a jury trial in Louisiana), it does not establish that the damages exceed $75,000 and it is important to note the Petition does not allege a right to jury trial.  R. Doc. 1-2 at pp. 3-7.
[74] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[75] R. Doc. 12; *See*, R. Doc. 12-2 at p. 3.
[76] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).
[77] *Id.* at 293.

assertion that Plaintiffs could potentially recover $75,000 in damages is sufficient to show that an objectively reasonable basis existed for the removal.[78] As such, the imposition of attorney's fees is not warranted in this case.[79]

## Conclusion

Based on the foregoing, State Farm has not met its burden of proving that the Court has subject matter jurisdiction over the claims asserted by the Plaintiffs based upon diversity jurisdiction under 28 U.S.C. § 1332. Specifically, State Farm has failed to submit sufficient evidence to establish that the requisite amount in controversy has been met in this case.

---

[78] Plaintiffs' reliance on *Nicholas Ben v. Sergio-Olvera-Arreola*, Civ. Action No. 15-402, R. Doc. 12 (M.D. La.), to support an award of attorney's fees is misplaced. In that case, this Court found that the removing defendant had not even attempted to oppose the plaintiff's motion to remand. ("State Auto has made no effort to oppose Plaintiff's motion to remand by providing summary judgment type evidence supporting a finding that the amount in controversy requirement was satisfied.") *Id.* at p. 10. The Court went on to find that defendant had removed the action "without any objectively reasonable basis for removal."

[79] *See*, *Farmers Ins. Exchange v. MTD Products, Inc.*, Civ. A. No. 3:11-CV-2405-L, 2011 WL 5877025, at *6 (N.D. Tex. Nov. 22, 2011) ("Given the lack of case law dealing with the specific issue addressed in this order, the court concludes that an objectively reasonable basis arguably existed for the removal. In other words, reasonable minds could differ whether this case was removable. The court therefore concludes that the imposition of attorney's fees is not warranted.").

14

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiffs' Motion to Remand to State Court[80] be **GRANTED** and that this matter should be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

It is the further recommendation of the undersigned that Plaintiffs' request for attorney's fees be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 7, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[80] R. Doc. 5.